UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Timothy B. Donnelly,**

                     **Plaintiff,**

          **-v-**                                   **1:11-CV-135 (NAM/DRH)**

**United States of America,**

                      **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Timothy B. Donnelly
Plaintiff, *pro se*

U.S. Department of Justice
Karen Wozniak, Esq.., Trial Counsel
Tax Division
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Attorney for Defendant

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiff brings this *pro se* civil action under section 7422(a) of the Internal Revenue Code, 26 U.S.C. § 7422, for a tax refund for the 2008 tax year.  Defendant moves (Dkt. No. 13) to dismiss the action for lack of subject-matter jurisdiction.  *See* Fed.R.Civ.P. 12(b)(1).  Plaintiff opposes the motion.  He has also filed a letter motion (Dkt. No. 17) entitled "Plaintiff's Objection and Motion to Strike and Correct the Court Record."  As explained below, the Court denies plaintiff's motion (Dkt. No. 17), grants defendant's motion (Dkt. No. 13), and dismisses the action for lack of subject-matter jurisdiction.

**BACKGROUND**

Plaintiff's W-2 form for the 2008 tax year shows that he received $81,511.07 in wages and $87,503.20 in Social Security and Medicare wages. It shows withholdings of $7,496.54 in federal income tax, $5,425.20 in Social Security tax, and $1,268.80 in Medicare tax. In this action, plaintiff seeks a refund of the entire $7,496.54 federal income tax withheld.

Defendant argues that the Court lacks subject-matter jurisdiction over this action, because plaintiff failed to file a valid claim for a refund for the 2008 tax year as required by section 7422(a) of the Internal Revenue Code, 26 U.S.C. § 7422(a). Section 7422(a) provides:

> No suit ... shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, ... until a claim for refund ... has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

A "duly filed" claim for a refund under section 7422(a) is a jurisdictional prerequisite to a federal action for a refund. *See Kirsh v. United States*, 258 F.3d 131, 132 (2d Cir. 2001); *United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994). An "informal" refund claim may satisfy section 7422(a), provided that it alerts the Internal Revenue Service ("IRS") that the taxpayer claims a refund and indicates the grounds upon which the claim is based. *See Forma*, 42 F.3d at 767, n.13.

Plaintiff contends that the following document, entitled "Taxpayer's Income Tax Return 2008," constitutes his refund claim for 2008. This document, signed under penalty of perjury, states:

> In 2008, taxpayer studied the Internal Revenue Code, to locate relevant code authorities, which could be used to properly determine its income tax liability. During the investigation, a listing of Code citations that appeared relevant in scope was developed and tabulated. Those citations were examined and those whose text appeared to give positive application received further investigation, such as being cross-referenced to relevant authorities. Neither

-2-

the citations nor the cross-references, when applicable, were helpful in reaching a solid basis of understanding. In some instances, the text of the Code citation appeared to describe positive actions of a methodology the taxpayer could apply, but to use the method required assumptions that could be taken to be so broad as to leave wide open any interpretation of its meaning and therefore of any conclusion. In September 28, 2008, we used the IRS Procedure 1 Letter Ruling process to ascertain the answers to the two fundamental questions: "What is the proper form for filing a return?", and, "What tax code citation authorizes the same?" Respectively, on October 16, 2008 the IRS Associate Chief Counsel's Office informed us that it was the position of the Service that they would be declining to rule on our Request and were sealing the file.  We also submitted a request to the same end to the Secretary of the Treasury and received no response. We also requested the same from the respective Senators and Congressman for the venue seeking their response and none of those officials provided a response.

The following table lists gross income, prepaid taxes, taxes due, and refund requested.

Gross income: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $87,503.20
_____
Prepaid taxes:
     income tax . . . . . . . . . . . . . . . . . . . .$7,496.54
     FICA distribution . . . . . . . . . . . . . . .$5,425.20
_____
Total prepaid taxes: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $12,921.74
_____
Taxes due:
     income tax: $0,000.00
     FICA distribution: $5,425.00
_____
Total taxes due: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,425.20
_____
Subtract Total taxes due from Total prepaid taxes: . . . . . . . . . . . $7,496.54
_____
Refund requested: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $7,496.54

Plaintiff's responses to defendant's interrogatories in this action include the following:

1. Do you contend that you overpaid income tax for the tax year ending December 31, 2008 by $7,496.54?

Response: Yes.

      2. If your response to Interrogatory No. 1 is affirmative:
          (a) State all the facts which bear on your response.

Response:
- i. Plaintiff exhausted all avenues for researching the tax code (U.S.C. Title 26) and its sources.
- ii. Plaintiff could find no applicable tax or respective tax liability.
- iii. The IRS Internal Revenue Bulletin, at Procedure 1, provides for a "Letter Ruling":
  *"A "letter ruling" is a written determination issued to a taxpayer by an Associate office in response to the taxpayer's written inquiry, filed prior to the filing of returns or reports that are required by the tax laws, about its status for tax purposes or the tax effects of its acts or transactions. A letter ruling interprets the tax laws and applies them to the taxpayer's specific set of facts."* IRB 2009-1 § 2.01
- iv. Plaintiff complied with said Procedure 1 to request such a letter ruling from the IRS; asking the IRS Associate Chief Counsel to interpret the tax laws and apply them to the taxpayer's specific set of facts; respectively asking for the disclosure of the applicable laws and forms.
- v. The Associate Chief Counsel's Office declined to issue the requested ruling; and, instead, stated the file was being closed and User Fee returned.
- vi. Plaintiff discovered the IRS Procedure Manual is generated in accord with authority from the Secretary of the Treasury; so, Plaintiff contacted said Secretary to see if Plaintiff could find out why the IRS failed to provide the letter ruling requested.
- vii. The Secretary declined to respond.
- viii. Having exhausted all reasonable means for finding and/or understanding the IRC, Plaintiff turned to the Plaintiff's Congressmen to ask where in the law Plaintiff can find an applicable tax liability and respective tax form.
- ix. The respective Senators and Congressman for the venue declined to respond.
- x. Plaintiff exhausted all known resources to discover an applicable tax law that imposed a tax liability respective to the prepaid taxes in question.
- xi. No such tax liability was found.
- xii. Absent a law based tax liability, all $7,496.54 of the prepaid taxes were overpaid.

                                    \*\*\*

(Italics in original.)

## DISCUSSION

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a case over which a court lacks subject-matter jurisdiction. There are no material questions of fact; thus the Court applies the law to the undisputed facts.

As noted, a duly filed administrative claim for a refund under section 7422(a) is a jurisdictional prerequisite to a federal action for a refund. *See Kirsh v. United States*, 258 F.3d 131, 132 (2d Cir. 2001); *United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994). To meet this prerequisite, the taxpayer must "reasonably and substantially" comply with the applicable statute and regulations. *Scovill Mfg. Co. v. Fitzpatrick*, 215 F.2d 567, 570 (2d Cir. 1954). The purpose of section 7422(a) is "to afford to the IRS an opportunity to investigate tax claims and resolve them without the time and expense of litigation." *DuPont Glore Forgan Inc. v. American Tel. & Tel. Co.*, 428 F.Supp. 1297, 1301 (S.D.N.Y. 1977), *aff'd without opinion*, 578 F.2d 1367 (2d Cir. 1978); *accord Herrington v. United States*, 416 F.2d 1029, 1032 (10th Cir. 1969) ("The manifest purpose of the requirement is to afford the Service an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated."). Thus, a taxpayer filing a refund claim must "set forth facts sufficient to enable the Commissioner of Internal Revenue to make an intelligent administrative review of the claim." *Scovill Mfg.*, 215 F.2d at 569. For the same reason, a taxpayer may not pursue a refund action on different grounds than those raised in the claim. *See Magnone v. United States*, 902 F.2d 192, 193 (2d Cir. 1990); 26 CFR § 301.6402–2(b)(1).

No particular format is required to satisfy section 7422(a); an "informal" refund claim will suffice, provided that it "alert[s] the IRS that the taxpayer seeks a refund and ... indicate[s] the grounds upon which the taxpayer's claim is based." *Forma*, 42 F.3d at 767, n.13 (citing *United*

*States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272 (1931)); *accord McMillan v. I.R.S.*, 2010 WL 3804895, *1 (E.D.N.Y. Sept. 23, 2010); *Weisman v. C.I.R.*, 103 F.Supp.2d 621, 628 (E.D.N.Y. 2000); *see also Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180 (1934) ("Perfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the law." (citation omitted)). Section 7422(a) "is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded." *Trainor v. United States*, 178 F.3d 1313 (Table), 1999 WL 55301, *1 (C.A.Fed. Feb. 5, 1999) (quoting *Felt & Tarrant*, 283 U.S. at 272); *accord Stoller v. United States*, 444 F.2d 1391, 1393 (5th Cir. 1971); *United States v. Brunwasser*, 1990 WL 264715, *4 (W.D.Pa. Dec. 11, 1990) (finding section 7422(a) not satisfied by documents that are "devoid of information regarding the grounds upon which the refund is claimed") (cited in *Forma*, 42 F.3d at 767, n.13); *see* 26 CFR § 301.6402–2(b)(1) ("The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.").

The Court is aware that this *pro se* claim should be construed liberally. No matter how liberally construed, however, plaintiff's "Taxpayer's Income Tax Return 2008" does not constitute a refund claim within the meaning of section 7422(a). Plaintiff's submission does not give notice of the nature of his refund claim or refer to any facts upon which the claim may be founded. It does not set forth plaintiff's filing status or any exemptions, deductions, or credits. Nor does it assert any cognizable ground for a refund. Rather, plaintiff avers that he owes no income tax and is entitled to a full refund, because his research did not lead him to a "solid basis

of understanding" of his tax liability.  Clearly, this submission does not reflect reasonable and substantial compliance with the law.  Because plaintiff provides no information that would enable IRS to conduct a meaningful review of his refund claim, his submission does not meet the basic requirements of section 7422(a), and he has failed to satisfy the jurisdictional prerequisite for this action.  Defendant's motion (Dkt. No. 13) to dismiss the action for lack of subject-matter jurisdiction is granted.

Plaintiff moves (Dkt. No. 17) "to strike and correct the court record."  It appears that plaintiff is confused about the motion procedure.  The Court has, however, considered this evident confusion in light of plaintiff's *pro se* status and concludes that plaintiff has suffered no prejudice.  Plaintiff submitted a ten-page "Memorandum of Facts and Law" (Dkt. No. 14) in opposition to defendant's motion, as well as exhibits (Dkt. No. 15).  These submissions expand upon and document plaintiff's position.  The single dispositive issue in this case is whether the document entitled "Taxpayer's Income Tax Return 2008" qualifies as a refund claim within the meaning of section 7422(a).  This is a question of law.  The Court has decided the issue by applying the law to the document itself.  Plaintiff appears to expect oral argument or a hearing at some future date; however, oral argument is not needed on this purely legal issue, and there is no material factual dispute warranting a hearing.  Plaintiff's motion (Dkt. No. 17) is denied.

## CONCLUSION

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 17) is denied; and it is further

ORDERED that defendant's motion (Dkt. No. 13) is granted; and it is further

ORDERED that the action is dismissed for lack of subject-matter jurisdiction; and it is

further

    ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

    IT IS SO ORDERED.

Date:  May 15, 2012
         Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge